FRANCES A. HANDLON ET AL., RESPONDENTS, v. COPE-STONE TEMPLE ASSOCIATION, APPELLANT.

Submitted October 26, 1929—Decided May 19, 1930.

For the appellant, *Carey & Lane.*

For the respondents, *Wolber & Gilhooly.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present suit was brought to recover compensation for personal injuries received by the

plaintiff Frances Handlon through falling into a cellar opening in front of a building owned by the defendant, the Copestone Temple Association, the first floor and cellar of which were occupied by the defendant Nolden as lessee; and also for the expenses incurred by Thomas Handlon, the husband of Frances, resulting from the injuries to his wife, and further, for the loss of her consortium.

The first floor of this building was used by the tenant as a store, and in front of the store and adjacent to it there was an opening into the cellar which was within the street limits and which was covered by two iron doors put there for the protection of people traveling to and fro upon the street. The doors were so constructed that when the tenant or occupant desired to go down into the cellar, and raised the doors for that purpose, they stood at right angles to the curb line in an almost perpendicular position, and were kept in that position by an iron bar, the ends of which were attached respectively to the two doors. When the doors were in proper position after being raised and were locked together by the iron bar, the cellar opening created no danger to persons walking along the sidewalk. At the time of the leasing of the property by the Copestone company to Nolden, these doors and the bar holding them in position when they were raised, were in proper condition, but during the running of the lease a hinge on one of these doors became broken, and for this reason the bar did not function properly and failed to keep the two doors in proper position when they were raised for the purpose of access to the cellar. On the occasion of the accident, Mrs. Handlon had gone into the store to make some purchase. While she was there, Nolden, the lessee, went out upon the sidewalk, raised these two cellar doors, laying one of them nearly flat upon the pavement, and went down into the cellar to get some shrimps for a customer. While he was there, Mrs. Handlon came out of the store and, failing to observe that the doors were open, fell into the cellarway. The trial of the case resulted in verdicts in favor of the two plaintiffs as against the defendant Copestone Temple Association, and a verdict in favor of the tenant Nolden as against

the plaintiffs. The Copestone Temple Association has appealed from the judgment entered on the verdict returned against it.

The basis upon which the plaintiffs rested their claim against the Copestone Temple Association, as appears from the averment in their complaint, is that the association carelessly and negligently permitted the cellar doors or one of them to become and remain out of repair; and that, by reason of such negligence upon its part, the plaintiff was precipitated down said opening into the cellar with great force and violence; and, at the close of the case, counsel for the association moved for the direction of a verdict in its favor upon the ground that the proofs failed to support the averment of the complaint but, on the contrary, showed conclusively that the obligation to make the necessary repairs rested solely upon the defendant Nolden. The motion was denied and the refusal to grant it is the principal ground upon which we are asked to reverse the judgment under review.

In our view, the appellant was entitled to the direction of a verdict in its favor under the facts proved. Nolden, the tenant, being called as a witness by the plaintiffs, testified that with the exception of the Public Service Corporation, who had charge of the main fuses of the building which were located in the cellar and for the proper condition of which it was responsible, he alone had control over the cellar and that no one had any right to go into it without his permission. This testimony, by implication, negatives the theory of the plaintiffs that the Copestone Temple Association, *as a matter of right,* could have entered upon the leased premises for the purpose of repairing defects which had occurred during the running of the lease; and that therefore its failure to make such repairs was an act of negligence contributing to the injuries of Mrs. Handlon, and a proximate cause thereof. In the old case of *Durant* v. *Palmer,* 29 *N. J. L.* 544, it is stated that if the tenant leave open a cellar door or a coalhole or suffer a nuisance to exist for want of repairs which he, and not the landlord, is bound to make, then the tenant alone is liable for injuries received by a person walking along the

street, as the result of such carelessness or neglect. This principle has been reiterated by our courts in various subsequent cases. In the case of *Ingwersen* v. *Rankin*, 47 *N. J. L.* 19, it was held that "if a nuisance is created by the tenant during the term of the lease, no liability falls on the landlord pending that term for the reason that he has no legal means of abating it; he cannot enter upon his tenant's possession for that purpose and would be a trespasser if he did so. * * * The test of his liability is his power to have remedied the wrong." To the same effect is the case of *Connors* v. *Newton*, 77 *Id.* 125.

The judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.